# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2195

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Rodney Paul Canada; Barbara | * | Western District of Arkansas. |
| Canada, | * | |
| | * | [UNPUBLISHED] |
| Appellants. | * | |

_____

Submitted: November 5, 1998
Filed: November 10, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Rodney and Barbara Canada pleaded guilty to conspiring to sell stolen motor vehicles, in violation of 18 U.S.C. §§ 371, 2313. The district court[1] sentenced Rodney to 39 months imprisonment followed by 3 years supervised release, and Barbara to 15 months imprisonment followed by 3 years supervised release. The Canadas challenge their sentences, and we affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

For reversal, the Canadas argue the district court clearly erred in establishing their total offense levels based on an enhancement for participating in an organized scheme to steal vehicles, pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(5) (1997), and in applying two-level role-in-the-offense enhancements for being organizers or leaders of criminal activity, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (1997). In addition, the Canadas argue that the enhancements are not supported by any evidence other than hearsay evidence that the court indicated it would not consider. At sentencing, a government witness testified that the Canadas offered stolen vehicles for sale to a third party on multiple occasions, and sold the third party three stolen vehicles from Western Arkansas and Eastern Oklahoma; that a co-defendant indicated he and another co-defendant had stolen these vehicles at the Canadas' direction, and both co-defendants lived with the Canadas during this time; that the Canadas received the bulk of the proceeds from these sales; and that Rodney told the third party that Rodney had someone who would steal for him.

Based on this testimony, we conclude the district court did not clearly err in assessing the organized-scheme enhancement. See U.S. Sentencing Guidelines Manual § 2B1.1(b)(5) (1997) (increase offense level to 14 if offense involved organized scheme to steal vehicles, and offense level would otherwise be less than 14). We also conclude the district court did not clearly err in determining the Canadas were organizers or leaders pursuant to section 3B1.1(c). See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.4) (1997) (court should consider, among other things, defendant's decision-making authority and degree of participation in planning offense, whether defendant recruited accomplices, whether defendant claimed greater profit from crime, and defendant's control and authority over others); United States v. Ballew, 40 F.3d 936, 944 (8th Cir. 1994) (standard of review; no clear error in applying § 3B1.1(c) enhancement where defendant in truck-theft/insurance-fraud scheme "stood to gain the most" from scheme, and enlisted accomplices to assist in theft and concealment of trucks), cert. denied, 514 U.S. 1091 (1995). Finally, we conclude the Canadas' argument that the district court erred in relying on hearsay evidence during the

sentencing hearing is meritless.  See United States v. Wise, 976 F.2d 393, 401-02 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 989 (1993).  In any event, we conclude the enhancements were supportable without reference to this hearsay evidence.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.